RECEIVED
USDC, CLERK, CHARLESTON, S
2008 AUG 22 P ':05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria J. Ross, | C. A. No. 0:06-3438-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Gloria J. Ross, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on July 22, 2003, alleging that she became disabled on January 1, 2001, due to difficulty breathing, muscle tightness, problems with her knees, back and neck pain, fatigue, fibromyalgia, anxiety attacks, and difficulty concentrating. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on September 14, 2004. The administrative law

judge before whom the plaintiff appeared with counsel, and Dr. Robert Brabham, Sr., a vocational expert, considered the case <u>de novo</u>, and on October 6, 2005, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 19-27). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on November 3, 2006.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant's degenerative disc disease, fibromyalgia, and depression are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4.
>
> 4. The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the residual functional capacity to perform work with restrictions including no lifting and/or carrying 20 pounds occasionally, 10 pounds frequently, only occasional balancing, stooping, kneeling, crouching, and crawling, and no climbing of ladders, ropes, or scaffolds due to her degenerative disc disease and fibromyalgia. Because of her depression, pain, and medication

side effects, she would be limited to simple, routine work in a low stress environment (which I define as requiring few decisions).

6. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

7. The claimant is a "younger individual between the ages of 45 and 49" (20 CFR § 404.1563).

8. The claimant has a "marginal education" (20 CFR § 404.1564).

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

10. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

11. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as assembler, DOT 701.687-010, 9,000 jobs locally and packer, DOT 920.687-130, 10,000 jobs locally. The vocational expert testified that there were in excess of 800,000 such jobs in the national economy. The vocational expert further testified that the claimant could perform unskilled, sedentary jobs in the same classifications as previously stated with a drop in the number of jobs to approximately 2,000 jobs in each category in the local economy and in excess of 160,000 such jobs in the national economy.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

Tr. 26-27.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits

shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial

4

evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## ISSUES PRESENTED

The plaintiff asserts that 1) the administrative law judge's determination that the plaintiff is able to perform a significant range of light work is not supported by substantial evidence, and 2) the administrative law judge's determination that the plaintiff is able to perform other jobs in the national economy is not supported by substantial evidence.

## DISCUSSION

A review of the record and relevant case law indicates that the administrative law judge did not follow correct legal principles in reaching his determination that Plaintiff could perform a range of light work.

At step four of the sequential analysis, the administrative law judge is to calculate the plaintiff's Residual Functional Capacity (RFC), which is the plaintiff's maximum ability to work despite his impairments. 20 C.F.R. §§ 404.1545, 416.945(b). The

5

RFC assessment is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. <u>Hines v. Barnhart</u>, 453 F.3d 559 (D.N.C.) 2006.

The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945. Only after that reasoned assessment may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy. Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p. The ruling also states,

> [A] failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions. This could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work as it is generally performed and an erroneous finding that the individual is not disabled.
> <u>Id.</u>

Here, the administrative law judge's decision found that the plaintiff:

> "has the residual functional capacity to perform work with restrictions including no lifting and/or carrying 20 pounds occasionally, 10 pounds frequently, only occasional balancing, stooping, kneeling, crouching, and crawling, and no climbing of ladders, ropes, or scaffolds due to her degenerative disc disease and fibromyalgia.

6

> Because of her depression, pain, and medication side effects, she would be limited to simple, routine work in a low stress environment (which I define as requiring few decisions)". (T. 26).

This analysis does not comply with SSR 96-8p. This court explained the requirements of SSR 96-8p as follows:

> In determining a claimant's RFC, the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. The ALJ must separately consider and discuss the [c]laimant's ability to perform each of the seven strength demands-sitting, standing, walking, lifting, carrying, pushing and pulling-on a regular and continuing basis of eight hours a day, five days a week. This function-by-function analysis must be performed before an ALJ can express a [c]laimant's RFC in terms of the exertional levels of work, such as sedentary, light or medium.

Vo v. Astrue, 518 F. Supp. 2d 715 (D.S.C. 2007) quoting Unger v. Barnhart, 507 F.Supp. 2d 929, 940-41 (N.D. Ill. 2007) (citations omitted). In Unger, the administrative law judge recited the medical expert's testimony and medical opinions and concluded there was no "convincing evidence that ... the claimant did not have residual functional capacity to perform the full range of sedentary work." Id. However, because the administrative law judge failed to conduct a function-by-function analysis of the claimant's abilities, the court stated it could not "conclude that his RFC determination is supported by substantial evidence and free from legal error." Id. The court thus remanded the case. Id.

This court also cited Matejka v. Barnhart, 386 F.Supp. 2d 198 (W.D.N.Y. 2005), in which the administrative law judge's RFC

7

findings stated, "Considering the entire record, the undersigned finds the claimant is limited to sedentary work, or work performed primarily in a seated position and not requiring lifting more than 10 pounds. Additionally, she is precluded from climbing or crawling and can only occasionally balance, stoop, kneel, or crouch." Matejka, 386 F.Supp. 2d at 208. The court found this RFC was not supported by substantial evidence because the decision failed to make a function-by-function analysis of Plaintiff's RFC and "did not address plaintiff's ability to sit, stand, or walk." Id.

Without making a function-by-function analysis of any physical demand of work activity on a regular and continuing basis, the administrative law judge here simply made a conclusory determination that Plaintiff could perform a range of light work and denied benefits. The matter should be reversed because it is not supported by substantial evidence and because correct legal principles were not applied.

## CONCLUSION

Therefore, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remanded to the Commissioner so that the Commissioner can conduct a proper residual function capacity assessment, and thereafter

continue the sequential evaluation process. <u>See</u>, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

                                   Respectfully submitted,

                                   Robert S. Carr
                                   United States Magistrate Judge

Charleston, South Carolina,

August 22, 2008

9