IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria J. Ross, ) | C/A No.: 2:06-3438-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Gloria Ross, pursuant to section 205(g) of the Social Security Act, as amended (42 USC Section 405(g)), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should reverse the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings. The Report sets forth in detail the relevant facts and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on August 22, 2008. Neither party filed any objections[2] to the Report.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the magistrate judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case. The magistrate judge's findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the magistrate judge's Report.

## BACKGROUND

The plaintiff applied for DIB on July 22, 2003, alleging she became disabled on January 1, 2001 due to difficulty breathing, muscle tightness, knee problems, fatigue, fibromyalgia, anxiety attacks, and difficulty concentrating. As the ALJ noted in his findings, the plaintiff has degenerative disc disease, fibromyalgia, and depression. The plaintiff, who is between 45 and 50 years of age has a marginal education, no transferrable skills, and is unable to perform any of her past relevant work.

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The plaintiff's applications were denied initially and upon reconsideration. She was granted a hearing on October 6, 2005 before an Administrative Law Judge ("ALJ") before whom she appeared and testified with representation. The ALJ determined that the plaintiff was not disabled and not entitled to benefits. The Appeals Council adopted the ALJ's decision on November 3, 2006.

The plaintiff argues that the ALJ's determinations are not supported by substantial evidence, namely that she is able to perform a significant range of light work and that she can perform other jobs in the national economy. The Magistrate suggests that the ALJ did not follow correct legal procedures in reaching these determinations, and thus a remand is appropriate.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir.

1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge suggests that the ALJ did not follow correct legal principles in reaching his determination that plaintiff could perform a range of light work. Specifically, the Magistrate Judge notes that the ALJ is required to calculate the plaintiff's RFC or maximum ability to work despite her impairments. 20 C.F.R. Sections 404.1545, 416.945(b). The calculation and assessment should be made on a regular and continuing basis, meaning eight hours a day, for five days a week. *Hines v. Barnhart*, 453 F.3d 559 (D.N.C. 2006).

The RFC assessment must first identify the individual's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. Then, after this assessment, the ALJ may determine the individual's RFC in terms of exertional levels of work. *See* SSR 96-8p.

Here, the Magistrate Judge suggests that the ALJ's determination was conclusory because he did not make a function-by-function analysis of the plaintiff's RFC and did not address her ability to sit, stand or walk.   The undersigned agrees.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case.  The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate's Report and Recommendation.

IT IS SO ORDERED.

September 11, 2008                              Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge